FILED

JUL 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIL BAHADUR BISWAKARMA, | No. 11-73684 |
| Petitioner, | Agency No. A089-697-123 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2014[**]
Seattle, Washington

Before: ALARCÓN, KLEINFELD, and MURGUIA, Circuit Judges.

Lil Biswakarma appeals the denial of his application for asylum,

withholding of removal, and relief under the Convention Against Torture.

Unexplained inconsistencies and omissions were the basis of an adverse credibility

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

finding. In the absence of credible testimony, the remaining evidence was found to be insufficient to establish eligibility for relief from removal based on Biswakarma's caste or his political opinion. The Board of Immigration Appeals ("Board") reviewed the immigration judge's ("IJ") findings of fact and conclusions of law and affirmed the judgment.

We have jurisdiction over this appeal under 8 U.S.C. § 1252 and review the Board's decision for substantial evidence. See Singh v. Ashcroft, 362 F.3d 1164, 1168 (9th Cir. 2004). The judgment of the Board is supported by substantial evidence, therefore we deny the petition.

An adverse credibility finding can be based on "any relevant factor that, considered in light of the totality of the circumstances, can reasonably be said to have a bearing on a petitioner's veracity." Ren v. Holder, 648 F.3d 1079, 1084 (9th Cir. 2011) (internal quotation marks omitted). "Major inconsistencies on issues material to the alien's claim of persecution constitute substantial evidence supporting an adverse credibility determination." Rizk v. Holder, 629 F.3d 1083, 1088 (9th Cir. 2011).

The adverse credibility finding was based on several inconsistencies between statements Biswakarma made in his application and what he testified to during the hearing. For instance, his application says that while visiting his old village, a group of upper-caste people beat him very badly, which he later reported to the police. During the hearing, however, Biswakarma said that on that occasion he was struck with a rock as he and friends ran away, was not injured, and did not go to the police. One of these friends wrote a letter in support of Biswakarma's application, but did not mention the rock-throwing assault at all. Biswakarma's application also says that, since he left Nepal, his family has been threatened. But at the hearing, he said that his family has lived in Nepal without incident since his departure. Biswakarma was given an opportunity to reconcile these discrepancies, but was unable to provide a responsive or persuasive explanation. See Kin v. Holder, 595 F.3d 1050, 1057 (9th Cir. 2010). The inconsistencies relate to the core of petitioner's claim for relief: the extent of the harm petitioner has suffered and would suffer if returned to Nepal. See Shrestha v. Holder, 590 F.3d 1034, 1046–47 (9th Cir. 2010).

Petitioner's application also omitted material information. During the hearing Biswakarma spoke frequently about the manhandling and serious assault

3

his wife suffered at the hands of upper-caste members. Yet his application does not mention any mistreatment of his wife by upper-caste members. Biswakarma was asked to explain the omission, but again failed to offer a reasonable explanation. The omission was not trivial. The harassment and assault of Biswakarma's wife was important to his claim of persecution during the hearing. See Kin, 595 F.3d at 1057.

The adverse credibility determination, supported by substantial evidence, likewise compels acceptance of the Board's rejection of Biswakarma's claim of persecution on account of political opinion. See Enying Li v. Holder, 738 F.3d 1160, 1163 (9th Cir. 2013) (adverse credibility finding as to one claim can support adverse finding on another claim).

Biswakarma argues that the IJ erred under our decision in Ren v. Holder, 648 F.3d 1079 (9th Cir. 2011), by not providing advance notice that he was required to provide corroborating evidence in the form of an amended or supplemental application. But petitioner misconstrues that decision's import for this case. Ren held that if an alien's *credible* testimony, taken alone, is insufficient to meet his burden of proof, the IJ may require corroborating evidence so long as

4

the alien is given advance notice.  See id. at 1093.  Here, the IJ did not find Biswakarma's testimony credible, so the rules from Ren regarding corroborating evidence were not implicated.  The IJ did find the failure to submit a corrected application was "prejudicial" to Biswakarma's credibility.  But the Board did not, and was not required to, rely on this finding when it affirmed the IJ's decision.  See Li v. Holder, 378 F.3d 959, 964 (9th Cir. 2004).

In light of the totality of the circumstances, the unreconciled discrepancies and omissions were material and provide substantial evidence supporting the adverse credibility finding.  See Rizk, 629 F.3d at 1088.

The remaining record evidence does not compel a finding that Biswakarma, in virtue of his caste or political opinion, was or will be subject to discrimination that rises to the level of persecution.  See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003).  Finally, Biswakarma failed to exhaust his claim for relief under the Convention Against Torture, and thus this Court lacks jurisdiction to consider the claim.  See Arsdi v. Holder, 659 F.3d 925, 928–29 (9th Cir. 2011).

Petition **DENIED**.